UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 4:20-cr-00008-TWP-VTW |
| ANTHONY J. MARTINEZ, | ) | 4:22-cr-00003-TWP-VTW |
| | ) | |
| Defendant. | ) | |

**PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Lauren M. Wheatley, Assistant United States Attorney ("the Government"), and the defendant, Anthony J. Martinez ("the defendant"), in person and by counsel, Dax Womack, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following are its terms and conditions:

**Part 1: Guilty Plea and Charge(s)**

1. **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to enter a plea of guilty to the following offenses:

   a. The present two-count Indictment in this case, which charges him with a violation of Title 18, United States Code, Section 2113(a) (Credit Union Robbery) and a violation of Title 18, United States Code, Section 924(c) (Use of a Firearm During and in Relation to a Crime of Violence).

**b.** A Four-Count Information filed in the United States District Court for the Western District of Kentucky, Cause No. 3:21-CR-133-CHB, (adopted here under Cause No. 4:22-cr-00003-TWP-VTW) which also charges four violations of Title 18, United States Code, Section 2113(a).

Pursuant to Fed. R. Crim.P. 20, Anthony J. Martinez agrees to plead guilty to and be sentenced on the Western District of Kentucky charges brought before this Court.

**2.** **Potential Maximum Penalties**: The offenses of Bank Robbery are punishable by a maximum sentence of 20 years' imprisonment, a $250,000 fine, and 3 years' supervised release following any term of imprisonment for each count. The offense in Count Two is a term of imprisonment of 7 years to life when the firearm was brandished, a fine of not more than $250,000, and a term of supervised release of not more than five years.

**3.** **Elements of the Offense:** To sustain the offenses to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

Bank Robbery counts: (1) the defendant took United States currency belonging to a bank/credit union; (2) the bank/credit union had its deposits insured by the Federal Deposit Insurance Corporation/National Credit Union Administration; (3) and the defendant acted to take such United States currency by force, violence or intimidation.

Count Two: (1) the defendant committed the crime of Robbery as charged in Count One; and (2) the defendant knowingly brandished a firearm during and in relation to that crime.

**Part 2: General Provisions**

**4.** **18 U.S.C. § 3553(a) and Sentencing Guidelines:** The defendant agrees and

understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 9, below. The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 9, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

**5. Rule 11(c)(1)(C), Fed. R. Crim. P.:** The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 9, below, is the appropriate disposition of this cause. The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement. If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement. The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and (5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**6. Plea Agreement Based on Information Presently Known:** The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government. The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

**a.** The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

**7. No Protection From Prosecution for Unknown or Subsequent Offenses:** The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time. The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

**8. Rights Under Rule 11(b), Fed. R. Crim. P.:** The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy. The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

**Part 3: Sentence to be Imposed**

9. **Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

a. **Imprisonment:** 240 months.

b. **Restitution:** $377,775.00

c. The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change. In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

d. **Fine:** Any amount of fine imposed will be left to the discretion of the Court.

e. **Extent of Rule 11(c)(1)(C) Agreement:** The terms set forth in paragraph 9, above, are the only terms of this Plea Agreement subject to the provisions of Fed. R. Crim. P. 11(c)(1)(C).

10. **Additional Provisions:**

a. **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

b. **Conditions of Supervised Release:** The parties understand and agree that

the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

c. **Mandatory Special Assessment:** The defendant will pay a total of $600 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

d. **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

**11. Forfeiture:** Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence. Defendant stipulates and agrees to the

immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree:

A. $19,548 in United States currency.

**12.** Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

**13.** Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Indictment/Information filed in this case. Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Indictment/Information and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

**14.** Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Indictment/Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture. Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

**15.** This Court shall retain jurisdiction to settle any disputes arising from application of this cause. Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

**16.** Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

**17.** **Abandonment**: If any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of

America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

**Part 4: Factual Basis for Guilty Plea**

**18.** The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea of guilty to the offenses set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

a. Between 2015 and 2020, Anthony J. Martinez engaged in multiple bank robberies across Kentucky and Indiana, among other crimes. On each occasion, Martinez disguised himself and brandished a firearm.

b. On November 13, 2015, Martinez committed an armed robbery at Jefferson County Federal Credit Union in the Western District of Kentucky. Martinez brandished a firearm and threatened to shoot the bank employees if they didn't comply. Martinez bound the victims with zip ties and shut them in the vault. Martinez stole approximately $87,475 in United States currency from the bank. The bank was federally insured.

c. On September 24, 2016, the defendant committed an armed robbery at First Capital Bank of Kentucky in the Western District of Kentucky. Martinez brandished a firearm and directed two employees to give him money and then ordered them to the bathroom. Martinez took $104,732 in United States currency from the bank. The bank was federally insured.

d. On September 15, 2018, the defendant committed an armed robbery at WesBanCo Bank in the Western District of Kentucky. Martinez brandished a firearm and ordered several employees of the bank to give him the money from the vault. He then forced the employees into a mechanical room, shut the door, and told them not to come out for ten minutes. Martinez stole $103,000 in United States currency from the bank. The bank was federally insured.

e. On December 28, 2019, Martinez committed an armed robbery at the Business & Industrial Federal Credit Union in the Southern District of Indiana. Martinez encountered an employee outside of the credit union and ordered the employee to unlock the door while brandishing a firearm and attempting to discharge it in the air. Once inside, Martinez ordered the employees to give him money from the safe room. Martinez then ordered both employees into a hall bathroom and instructed them to remain there for ten minutes. Martinez took $36,676 in United States currency from the credit union. The credit union was federally insured.

f. On January 14, 2020, Martinez committed an armed robbery at WesBanCo Bank in the Western District of Kentucky. Martinez brandished a firearm and ordered several employees of the bank to give him the money from the vault. He ordered the victims into the vault and directed them to shut the door. Martinez took $45,892 in United States currency from the bank. The bank was federally insured.

g. On February 13, 2020, Martinez was arrested by the Louisville Metro Robbery Unit. After a federal hold was in place, Martinez escaped from Louisville Metro Department of Corrections, 400 South 6th Street, Louisville, Kentucky.

h. On October 8, 2020, Martinez was located in a heavily wooded area in Scott County, Indiana and ran from Federal and local law enforcement personnel. On October 13, 2020, Martinez was arrested federally by Federal and local law enforcement personnel in Hanover, Indiana.

## Part 5: Other Conditions

**19. Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

**20. Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

**21. Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

## Part 6: Sentencing Guideline Stipulations

**22. Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the

Sentencing Guidelines has been made, and that such determination will be made by the Court. These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 9, above. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a. Base offense level: The parties agree that the base offense level is a level 20 pursuant to USSG §2B3.1(a).

b. The property of a financial institution was taken; therefore, 2 levels are added pursuant to USSG §2B3.1(b)(1).

c. A firearm was used; therefore, 6 levels are added pursuant to USSG §2B3.1(b)(2)(B).

d. A person was physically restrained to facilitate the commission of the offense or the escape; therefore, 2 levels are added pursuant to USSG §2B3.1(b)(4)(B).

e. The loss exceeds $95,000; therefore, 2 levels are added pursuant to USSG §2B3.1(b)(7)(C).

f. The defendant willfully obstructed or impeded the administration of justice with respect to the investigation, prosecution or sentencing; therefore, 2 levels are added pursuant to USSG §3C1.1.

g. Count Two: 84 months consecutive to any Guideline Range determined by the Court.

h. The counts of conviction shall not be grouped, pursuant to USSG §3D1.2(d). A 4-level increase is applicable pursuant to USSG §3D1.4.

i. **Acceptance of Responsibility:** To date, the defendant has demonstrated a

recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of guilty to the criminal conduct noted in this agreement [and the defendant's agreement to cooperate in and not to contest the forfeiture of the property described above], the Government agrees that the defendant should receive a two (2) level reduction *provided* the defendant satisfies the criteria set forth in Guideline § 3E1.1(a) up to and including the time of sentencing. The defendant timely notified the Government of defendant's intention to enter a plea of guilty, thereby permitting the Government and the Court to allocate their resources efficiently. After the Defendant enters a plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level. The parties reserve the right to present evidence and arguments concerning the defendant's acceptance of responsibility at the time of sentencing.

j. **Final Offense Level: 35**

## Part 7: Waiver of Right to Appeal

**23. Direct Appeal:** The defendant understands that the defendant has a statutory right to appeal the conviction and sentence imposed and the manner in which the sentence was determined. Acknowledging this right, and in exchange for the concessions made by the Government in this Plea Agreement, the defendant expressly waives the defendant's right to appeal the conviction and sentence imposed in this case on any ground, including the right to appeal conferred by 18 U.S.C. § 3742. The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea

and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

**24. Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

a. **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b. **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

c. **Motions for Compassionate Release:** As concerns this Section 3582 waiver, the defendant reserves the right to file one (and only one) motion seeking a "compassionate release" sentence reduction pursuant to the First Step Act of

2018 and 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and compelling reasons" established by the defendant and consistent with U.S.S.G. § 1B1.13 application note 1(A) & (C) (or, in the event of amendment of those U.S.S.G. provisions, the provisions, if any, with the same effect at the time of the filing of the motion for sentence reduction). However, the defendant waives any right to file more than one motion on that basis. This waiver also bars an appeal from the District Court's decision regarding that motion. The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**25. No Appeal of Supervised Release Term and Conditions:** The defendant waives the right to appeal the length and conditions of the period of supervised release.

**Part 8: Presentence Investigation Report**

**26.** The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**27.** The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the government at any time, including prior to entry of a formal plea of guilty.

**Part 9: Immigration Consequences**

**28.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. The defendant also recognizes that removal will not

occur until service of any sentence imposed in this case has been completed. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction in this case on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's removal from the United States.

## Part 10: Statement of the Defendant

**29.** By signing this document, the defendant acknowledges the following:

a. I have received a copy of the Indictment and Information and have read and discussed it with my attorney. I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Indictment/Information in open Court, and all further proceedings including my arraignment.

b. I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and Information and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

c. I have read the entire Plea Agreement and discussed it with my attorney.

d. I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

e. Except for the provisions of the Plea Agreement, no officer or agent of any

branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

f. I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

g. I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

h. I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

i. I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

j. My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I

ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

k. My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

l. If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

**Part 11: Certificate of Counsel**

**30.** By signing this document, the defendant's attorney and counselor certifies as follows:

a. I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment and Information in this case;

b. To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

c. The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

d. In my opinion, the defendant's waiver of all reading of the Indictment and Information in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

e. In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

**Part 12: Final Provision**

**31. Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

2.25.22
DATE

Lauren M. Wheatley
Assistant United States Attorney

2-25-22
DATE

Todd S. Shellenbarger
Deputy Chief, Evansville Branch

2/21/22
DATE

Anthony J. Martinez
Defendant

2/21/22
DATE

Dax Womack
Counsel for Defendant